# Exhibit A

State of New York - Department of State
Division of Corporations

Party Served:                                    Plaintiff/Petitioner:
GENERAL NUTRITION CORPORATION                      KIRLIN, AMANDA


NATIONAL REGISTERED AGENTS, INC.
28 LIBERTY ST.
NEW YORK, NY 10005


Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 07/31/2019 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
This copy is being transmitted pursuant to such statute to the address
provided for such purpose.


                                                    Very truly yours,
                                                 Division of Corporations

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X

AMANDA KIRLIN,                                   Index No.:

                          Plaintiff,             **SUMMONS**

                                                 Plaintiff designates New
                                                 York County the place of
                                                 trial

                                                 The basis of the venue is the
                                                 Defendant's primary place of
                                                 business

            -against-


GENERAL NUTRITION CORPORATION d/b/a GNC,

                          Defendant.
------------------------------------------------------------------------X

   *YOU ARE HEREBY SUMMONED* to answer the complaint in this action and to serve a

copy of your answer, or, if the complaint is not served with this summons, to serve a notice of

appearance, on the Plaintiff's attorneys within twenty (20) days after the service of this Summons,

exclusive of the date of service (or within 30 days after the service is complete if this summons is

not personally delivered to you within the State of New York); and in the case of your failure to

appear or answer, judgment will be taken against by default for the relief demanded in this

complaint.

Dated: New York, New York
       June 21, 2019

                                        Yours, etc.,

                                        VANDAMME LAW FIRM, P.C.
                                        */s/ Hendrick Vandamme*
                                        Hendrick Vandamme, Esq.
                                        46 Trinity Place, 3rd Floor
                                        New York, New York 10006
                                        Tel: (212) 641-0613/212-851-6916

TO:    GENERAL NUTRITION CORPORATION d/b/a GNC
       300 6th Avenue
       Pittsburgh, Pennsylvania, 15222

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
AMANDA KIRLIN,                                    Index No.:

              Plaintiff,

                                  **VERIFIED COMPLAINT**

       -against-

GENERAL NUTRITION CORPORATION d/b/a GNC,

              Defendant.
------------------------------------------------------------------------X

Plaintiff, AMANDA KIRLIN., (hereinafter "Plaintiff"), by her attorneys, Vandamme Law Firm,

P.C., as and for her Verified Complaint against Defendant GENERAL NUTRITION

CORPORATION d/b/a GNC., ("Defendant"), alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction of the claims that arise under New York laws.

2. Venue is proper because at least one of the parties resides in New York County.

3. Plaintiff AMANDA KIRLIN is a resident of Kings County, New York, and a former
employee of the Defendant.

4. Upon information and belief, Defendant GENERAL NUTRITION CORPORATION d/b/a
GNC, is a foreign corporation with its principal place of business located at 300 6th Avenue,
Pittsburgh, Pennsylvania, 15222 authorized to do business in New York.

5. This is a civil action seeking monetary relief, compensatory damages, disbursements,

3

costs and fees for violations of Plaintiff's rights resulting from wrongful termination, discrimination, harassment, hostile work environment, violation of New York State employment laws, and retaliation.

6.     Specifically, Plaintiff alleges that Defendant negligently, intentionally, wantonly, recklessly, and knowingly sought and did wrongfully deprive her of her employment, position, title, and pay through discrimination, harassment, and retaliation. Plaintiff alleges that Defendant purposefully and intentionally discriminated against her, retaliated against her by creating a hostile work environment, and wrongfully terminating her employment.

7.     Plaintiff alleges that the Defendant created a workplace atmosphere that was permeated with discriminatory intimidation, ridicule, and insult sufficiently severe or pervasive to alter the conditions of Plaintiff's employment with Defendant.

8.     The alleged acts against Plaintiff were done knowingly, purposely, and with all intentions of depriving her of her right to be free of discrimination and retaliation within her employment with the defendant.

9.     Defendant is subject to state and federal employment laws of the State of New York.


## FACTS

10.    Plaintiff AMANDA KIRLIN is a 28-year old female.

11.    Plaintiff has over 5 years of experience in the retail industry.

12.    In November, 2014, Plaintiff began working for defendant as a Service Sales Associates at the defendant's store located at on 125th Street in Upper Manhattan. In November 2014, plaintiff transferred to another GNC store located at 163 East 120th Street, New York, New York. Plaintiff's salary for this position was 15,372.60.

4

13. In or about September 2015, plaintiff's new manager Daniel LeBlanc, the Regional Sales Manager started making inappropriate comments about the plaintiff. He started asking the plaintiff about her age, how much she weighed, and whether she was in a relationship. The manager talked extensively about the plaintiff's body and the way she looked. The manager further inquired about her sexual life. He also complained about the clothing the plaintiff was wearing even though the plaintiff was required to wear a uniform. He also told the plaintiff that women should not be working and that they should stay at home with children. On regular occasions, the manager made racially derogative comments about people of color in front of the plaintiff. In addition, Plaintiff was also not allowed to take lunch breaks.

14. The questions made the plaintiff extremely uncomfortable and she complained to the HR.

15. The Defendant then switched the plaintiff's shift from 8am-4pm to 3pm-9:30pm.

16. The plaintiff complained again about the hostile work environment and sexual harassment by the manager to the HR. The HR did not take any action. Instead, plaintiff's hours were reduced to from 40 hours to 10 hours.

17. Plaintiff complained to the HR but the HR did not take any corrective action.

18. Instead of taking a corrective action, the defendant terminated the plaintiff on or about June 25, 2016.

### AS AND FOR A FIRST CAUSE OF ACTION
### HARASSMENT, HOSTILE WORK ENVIRONMENT,
### WRONGFUL TERMINATION UNDER NYCHRL

19. Plaintiff incorporates and re-alleges by reference the allegations of paragraphs 1 to 18 as if fully set forth herein.

5

20. Defendant discriminated against Plaintiff by subjecting her to a discriminatory, hostile and intimidating work environment that resulted in an adverse employment action, in violation of the NYC Admin. Code §8-107.

21. As a result of the Defendant's conduct, Plaintiff has suffered monetary damages, pain and suffering and emotional distress. As such, Plaintiff seeks damages, including attorneys' fees, on the First Cause of Action in an amount to be determined at trial, but in no event less than $1,000,000.00.

## AS FOR A SECOND CAUSE OF ACTION
## RETALIATION UNDER NYCHRL

22. Plaintiff incorporates and re-alleges by reference the allegations contained in paragraphs 1-21 as if fully set forth herein.

23. Under the NYCHRL it is unlawful discriminatory practice for an employer to retaliate or discriminate in any manner on the basis of an employee's complaints about unlawful discrimination or a hostile work environment. A *prima facie* case of retaliation under the NYCHRL is demonstrated when a party participated in a protected activity, the defendants knew about his participation, the defendants took an employment action that disadvantaged the plaintiff and there is a causal connection between the protected activity and the negative employment action.

24. In this case, plaintiff was engaged in a protected activity – namely complaining about manager's inappropriate behavior at work place. Instead of taking a corrective action, the defendant retaliated against the plaintiff, reduced her hours and eventually terminated her position.

25. Defendant's actions constitute unlawful retaliation for which the Plaintiff has suffered

6

damages.

26.   As such, Plaintiff seeks damages on the Second Cause of Action including back pay, front pay, compensatory damages, punitive damages, pain and suffering, and attorney's fee in an amount to be determined at trial, but in no event less than $1,000,000.00.

## AS FOR A THIRD CAUSE OF ACTION
## VIOLATIONS OF NYS HUMAN RIGHTS LAW

27.   Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 26 of the Complaint as if the fully set forth herein.

28.   Defendant intentionally and/or negligently discriminated against the Plaintiff in violation of the NYSHRL by maintaining a pervasive atmosphere perpetuating discrimination and hostile work environment.

29.   Defendants discriminated against the Plaintiff because of his race. The Plaintiff was singled out due to her gender.

30.   As a result of the Defendant's violations of the NYSHRL, Plaintiff has lost pay and benefits and suffered substantial emotional distress, and pain and suffering. As such, Plaintiff seeks damages on the Third Cause of Action in an amount to be determined at trial, but in no event less than $1,000,000.00.

## AS FOR AN FOURTH CAUSE OF ACTION
## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

31.   The Plaintiff repeats and re-alleges all allegations contained in paragraphs 1 to 30 as if fully set forth herein.

32.   Defendant engaged in, instigated, and directed a course of extreme and outrageous conduct with the intention of causing, or with reckless disregard of the probability of causing, emotional distress to Plaintiff.

7

33.    As a proximate result of the Defendant's action, Plaintiff suffered severe or extreme emotional distress. As such, Plaintiff seeks damages on the Fourth Cause of Action in an amount to be determined at trial, but in no event less than $1,000,000.00.

**WHEREFORE**, the Plaintiff demands judgment against Defendant in the amount set forth by a jury and for relief requested herein, back pay with prejudgment interest and all the fringe benefits to which he is entitled; pain and suffering, front pay and benefits; actual and punitive damages, and costs incurred because of the Defendant's unlawful behavior; including costs, disbursements, and attorney's fees to the extent permitted by law, and for such and other further relief that this Court deems just, proper and equitable.

Dated: New York, New York
      June 21, 2019

                      Yours, etc.,

                      VANDAMME LAW FIRM, P.C.
                      */s/ Hendrick Vandamme*
                      Hendrick Vandamme, Esq.
                      46 Trinity Place, 3rd Floor
                      New York, New York 10006
                       Tel: 212-641-0613/212=851-6916

## **VERIFICATION**

Hendrick Vandamme, an attorney for the plaintiff and duly admitted to practice in the Courts of the State of New York, affirms the following statements to be true under the penalties of perjury, pursuant to CPLR 2016:

I have read the complaint and know the contents to be true except to the matters stated to be alleged on information and belief, and as to those matters, I believe them to be true.

The source for this information and the ground for my belief are derived from the file maintained in the normal course of business by the attorneys for the plaintiff.

Since my firm maintains an office in New York County and the plaintiff resides in Kings County, the complaint was affirmed by me.

Dated: New York, New York
June 21, 2019

/s/ Hendrick Vandamme
Hendrick Vandamme, Esq.